Hiram J. Buchanan et al., Plaintiffs, v. Harry H.
Stephens et al., Appellees.
Appeal of Mae Buchanan, Appellant.

Gen. No. 41,644.

Heard in the third
division of this court for the first district at the April term, 1941.
Opinion filed January 7, 1942.

HARRY K. WARD, of Oak Park, and MAX MURDOCK,
of Chicago, for appellant.

PHILIP BAIM and ROBERT L. PENDERGAST, both of
Chicago, for certain appellee.

MR. JUSTICE KILEY delivered the opinion of the court.
This is the second appeal in this case. The first appeal was brought by the defendant Harry H. Stephens
from an order entered in the trial court June 9,
1939, denying his petition to vacate and set aside the
judgment by confession entered December 22, 1938,
and denying him leave to defend. This court reversed

that order of the trial court and remanded the cause with directions. The mandate directed the trial court, among other things, "to open said judgment to the extent of permitting the defendant to enter his appearance, file proper pleadings and the evidence to be presented and the cause tried on the issues presented by the plaintiffs and defendant, the present judgment to stand as security until the final determination of the suit, and for such other and further proceedings as to law and justice shall appertain. And it is further considered by the Court that the said Appellant recover of and from the said Appellees his costs by him in this behalf expended to be taxed, and that he have execution therefor."

The mandate of this court in that appeal was filed in the superior court May 7, 1940, and there the following proceedings with which we are concerned were had:

1. May 17, 1940, defendant filed an appearance and a motion to dismiss. The motion presented as reasons for dismissal:

(a) That the notes were outlawed by the statute of limitations; and

(b) That the plaintiffs were nonresidents and had not filed the statutory security for costs before or after commencing suit.

2. May 21, 1940, plaintiff filed a motion for a rule upon defendants to file proper pleadings as required by the mandate.

3. June 28, 1940, an order was entered pursuant to defendant's motion to dismiss, which required Mae Buchanan, the sole surviving plaintiff, to file a cost bond for $200 to be approved by the court within 10 days and provided for dismissal of plaintiff's cause in the event of failure to comply with said requirement. It also provided that the plaintiff be given leave upon approval of the cost bond, to file an amended complaint by July 18, 1940, the defendant to plead or answer 10 days thereafter.

4. July 18, 1940, plaintiff filed a motion to vacate the order of June 28, 1940, requiring a cost bond and for leave to the plaintiff to sue as a poor person. Requisite affidavits in support of said motion were filed. On that same day, July 18, 1940, the defendant made a cross motion to dismiss, and an order was entered continuing all pending motions.

5. On September 9, 1940, an order was entered finding that plaintiff was a nonresident and had been when suit was filed; that she had failed to file and have approved by the court, the $200 cost bond ordered on June 28, 1940. The order then denied the several motions and petition of the plaintiff filed July 18, 1940, allowed defendant's motion to dismiss plaintiff's cause for failure to file cost bond, and entered judgment for defendant for costs.

Plaintiff brings this second appeal from the judgment of dismissal of September 9, 1940; from the order of September 9, 1940 denying the petition of plaintiff to prosecute the suit as a poor person and denying plaintiff's motion for a rule on the defendants to plead in accordance with the mandate of this court; from the order of June 28, 1940, requiring the security for costs; and from the order of September 9, 1940, denying plaintiff's motion to have her affidavit of July 18, 1940, stand as a counter affidavit under rule 47 of the superior court.

The plaintiff contends that the proceedings in the trial court following the first appeal, did not comply with the mandate of this court; that plaintiff's pleadings are sufficient to avoid the bar of the statute of limitations; that defendant's motion for security for costs came too late; and that the trial court erred in denying plaintiff's petition to sue as a poor person. The defendant urges in support of the judgment that his motion to dismiss comes within the directions of the mandate; that the motion for security for costs was made at the earliest opportunity; that the complaint shows on its face that it is barred by the statute

of limitations; that in Illinois a nonresident is not permitted to sue as a poor person; and that plaintiff's contentions relating to the motion for security for costs and to noncompliance with the mandate, were not raised in the trial court and cannot be considered here.

For convenience, we shall first discuss the last point urged by the defendant. The record shows that in the trial court plaintiff made a motion for a rule on the defendant to plead in accordance with the mandate and a motion to vacate the order requiring plaintiff's bond for costs. Both motions were denied in the order of September 9, 1940. Plaintiff's notice of appeal includes that order denying both motions. It is evident that plaintiff's contentions are properly presented here.

From the record in the first appeal, it appears that a judgment herein was entered on December 22, 1938; that on January 17, 1939, defendant who was then plaintiff's son-in-law, filed a petition setting forth that he had a good and meritorious defense and set forth the facts thereof and asked the court to vacate the judgment and for leave to file his appearance and that the petition stand as his answer; that thereafter the defendant filed amended, second amended and third amended petitions on February 8, 1939, March 1, 1939 and May 1, 1939, respectively, in each of which he presented allegations of facts in defense of plaintiff's claim and prayed for an order vacating the judgment and for leave to appear and to have such amended petition stand as his answer. Each of such petitions was denied, and from the order denying the third amended petition the defendant prosecuted the first appeal. It is apparent that the defendant had ample opportunity prior to the first appeal herein to present his motion for security for costs, and having failed to present it, waived his right. The rule in Illinois is that a motion for a rule upon a nonresident plaintiff to give security for costs is a dilatory motion and should be made at the earliest time possible. *Gregory*

*v. Richey,* 307 Ill. 219. Accordingly, the order of the trial court entered September 9, 1940, based on plaintiff's failure to file the bond for costs, cannot stand.

It becomes unnecessary, therefore, to consider the propriety of the trial court's ruling on plaintiff's application to sue as a poor person.

The order of the trial court dismissing plaintiff's action shows that it was based upon plaintiff's failure to file the bond for costs. The trial court apparently did not consider the other part of defendant's motion which asserted that the complaint showed on its face that it was barred by the statute of limitations. The trial court not having considered the point, it is not before us, but, in the interest of justice, we believe that a discussion of it is necessary.

As previously stated, this case has been here before. Defendant who was appellant concluded his brief with the prayer to this court: ". . . to open the judgment and interpose a defense and remand this case with directions." In his reply brief then, he further said:

"It is the intention of the defendant that the petition be one to open up the judgment with leave to plead and defend."

Mr. Justice BURKE in his dissenting opinion in that first appeal, pointed out that since the defendant intended his petition as one to open up and vacate the judgment by confession, the defendant had not questioned the sufficiency of plaintiff's pleading. In the majority opinion, this court said: "From a review of these pleadings, it is quite apparent that if the defense had been permitted to offer and prove the allegations of his petition, that the statute of limitations would be a defense to the claim of the plaintiff," and further "We think in this case that justice would be more nearly served if defendant had been given an opportunity to be heard." It then reversed the order of the trial court and remanded the cause with directions "to open said judgment to the extent of permitting the

defendant to enter his appearance, file proper pleadings, etc.''

It is clear from a consideration of the record of the former appeal, the decision thereon and the mandate, that this court intended to make it possible for the defendant to present evidence of the facts alleged in his petition. The defendant sought the opportunity to present that defense, but, gaining the opportunity, he failed to avail himself of it and instead of pleading his meritorious defense and proceeding to trial on the merits, he seeks to defeat plaintiff's action by a departure from his original position and by avoiding the obvious intention of this court as expressed in its mandate. This he cannot do. The trial court properly ignored that part of defendant's motion which attacked plaintiff's pleading.

The orders of the superior court providing that security for costs be given by the plaintiff, dismissing her action for failure to give such security and the judgment for defendant for costs are reversed. The cause is remanded to the superior court with directions to enter an order:

First, striking defendant's motion to dismiss;

Second, opening the judgment of December 22, 1938;

Third, permitting defendant's third amended petition to stand as his answer herein, or in the alternative, leave to defendant to file his answer within 10 days after the order opening the judgment, and for such further proceedings not inconsistent with this opinion as to the trial court shall seem necessary to attain justice in this case. The judgment of December 22, 1938, shall stand as security.

*Reversed and remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.